NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

IBN ABDUL-HAKEEM,        :    CIV. ACTION NO. 16-548 (RMB)
                    :
         Plaintiff,    :
                    :
    v.               :         OPINION
                    :
                    :
M. ANGUD, et al.,      :
                    :
         Defendants.   :

**RENÉE MARIE BUMB**, U.S. District Judge

    This matter comes before the Court upon Plaintiff's filing of a prisoner civil rights complaint.[1] (Compl., ECF Nos. 1, 3.) Plaintiff is a prisoner confined in the Federal Correctional Institution in Fairton, New Jersey ("FCI-Fairton"). (Id.) He brings this civil action seeking monetary damages and injunctive relief for alleged constitutional violations and medical malpractice claims. (Id.)

    Plaintiff seeks to proceed in forma pauperis pursuant to 28 U.S.C. §§ 1915(a) and 1915(A). The Court has reviewed Plaintiff's

---

[1] The Court administratively terminated Plaintiff's initial complaint because it was unsigned. Plaintiff has now submitted a signed complaint, and it incorporates material from the initial complaint. Therefore, the Court will treat both documents as comprising the operative complaint.

IFP application (ECF No. 1-3), and it establishes Plaintiff's inability to pay the filing fee. Plaintiff's IFP application will be granted; and prison officials will begin to deduct installment payments for the filing fee from Plaintiff's trust account, as required by 28 U.S.C. § 1915(b)(1).

The Court now reviews Plaintiff's Complaint, as required by 28 U.S.C. § 1915(e)(2)(b) and § 1915A. The Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

II.  DISCUSSION

A.  <u>The Complaint</u>

Plaintiff brings this civil action against M. Angud, Satish Limbekar, Tonya McClellan, Shirley Nati, Amira Hussien, Mrs. Scott, J.T. Shartle, Mrs. Smith, and "all staff of FCI Fairton." (Compl., ECF Nos. 1, 3.)  In 2007, Plaintiff sustained a gunshot wound in the right foot, and the bullet remained in his foot. (Compl., ECF No. 3 at 5.) The following events took place at FCI Fairton. (Compl., ECF No. 1 at 11.) Plaintiff saw Dr. Morales on August 30, 2010, and complained about chronic and severe pain in his right foot. (<u>Id.</u>) Dr. Morales did not recommend removal of the bullet. (<u>Id.</u>) Plaintiff

saw MLP Satish Limbekar for the same complaint on August 11, 2011, and Limbekar did nothing for Plaintiff. (Id.) On December 2, 2011, Limbekar prescribed Ibuprofen for Plaintiff's foot pain. (Id.) Plaintiff's foot pain continued, and Limbekar did nothing during their subsequent clinical encounters in 2012. (Id. at 6.)

Plaintiff continued to complain of severe pain in his right foot from 2013 through 2015. (Id.) The only treatment he was offered was Ibuprofen. (Id.) Plaintiff alleged, "[t]hroughout all these years of complaining about this problem with my right foot, I informed all of the defendants mentioned in this civil complaint . . . I have contact and informed each one of the defendants named in this civil complaint more than once without receiving adequate medical treatment." (Id.)

Plaintiff the failure to remove the bullet from his foot has caused chronic and severe nerve damage. (Id.) He seeks damages for violation of the Eighth Amendment, and injunctive relief directing Defendants to order removal of the bullet from his foot. (Compl., ECF No. 1 at 13.) Plaintiff also asserts jurisdiction under the Federal Tort Claims Act. (Compl., ECF No. 3 at 2.)

B.    Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

   C.   FTCA Claims

4

Plaintiff asserts jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2690. Claims are cognizable under the FTCA if they are

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, . . . [4] caused by the negligent or wrongful act or omission of any employee of the [Federal] Government, [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)). Plaintiff has not named the United States as a defendant, and the United States is the only proper defendant to an FTCA claim. CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008). Therefore, the Court will dismiss Plaintiff's FTCA claim without prejudice. Plaintiff may amend the Complaint to assert his FTCA claim solely against the United States, although there is another hurdle he must first overcome.

In any action seeking tort damages for personal injury against the United States, the plaintiff must first exhaust his administrative remedies. 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act

5

> or omission of any employee of the Government
> while acting within the scope of his office or
> employment, unless the claimant shall have
> first presented the claim to the appropriate
> Federal agency and his claim shall have been
> finally denied by the agency in writing and sent
> by certified or registered mail.

This a jurisdictional requirement, and if the claim has not been properly exhausted, the court must dismiss it. McNeil v. United States, 508 U.S. 106, 112 (1993)). Therefore, if Plaintiff wishes to file an amended complaint with an FTCA claim against the United States, he should indicate in the amended complaint when he exhausted his administrative remedies.

Plaintiff may also wish to consider that there is a two-year statute of limitations for FTCA claims. 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be
> forever barred unless it is presented in writing
> to the appropriate Federal agency within two
> years after such claim accrues or unless action
> is begun within six months after the date of
> mailing, by certified or registered mail, of
> notice of final denial of the claim by the agency
> to which it was presented.

D.   Statute of Limitations on Bivens Claims

In addition to his FTCA claim, Plaintiff alleged violations of the Eighth Amendment by federal prison officials and medical providers within the prison. "[A] district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915(A)(b)(1) where

it is apparent from the complaint that the applicable limitations period has run." <u>Hunterson v. Disabato</u>, 244 F. App'x 455, 457 (3d Cir. 2007). There is a two-year statute of limitations for Eighth Amendment claims brought under Bivens.[2] <u>See</u> <u>Wooden v. Eisner</u>, 143 F. App'x 493, 494 ("a <u>Bivens</u> claim in which the plaintiff is alleging personal injury has a two-year statute of limitations.") A <u>Bivens</u> claim accrues and the statute of limitations begins to run "when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action." <u>Wooden</u>, 143 F. App'x at 494 (quoting <u>Sameric Corp. Of Del. v. City of Phila.</u>, 142 F.3d 582, 599 (3d Cir. 1998)).

Plaintiff filed this action in March 2016. Therefore, his claims that Dr. Ruben Morales and Satish Limbekar denied his request to have the bullet removed from his right foot prior to March 2014 are untimely and will be dismissed without prejudice. Plaintiff may amend his complaint if he can allege any facts that bring these claims within the two-year statute of limitations. Plaintiff's claims against Tony McClellan and M. Angud accrued within the limitations period will be addressed below.

E.    <u>The Elements of an Eighth Amendment Claim</u>

---

[2]  In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, the Supreme Court recognized a federal cause of action for damages based on a constitutional violation by a person acting under color of federal authority. 403 U.S. 388 (1971.)

For liability based on a constitutional violation under Bivens, the plaintiff must allege the personal involvement of each defendant in the constitutional violation because vicarious liability does not apply. Iqbal, 556 U.S. at 676. The factors necessary to establish a Bivens action will vary based on the constitutional provision at issue. Id. The Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Deliberate indifference is more than negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994) (citing Estelle, 429 U.S. at 104). "[D]eliberate indifference constitutes the 'unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 104 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).

Deliberate indifference may be found when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Deliberate indifference by a prison official may be shown where the official: (1) knows of the prisoner's need for medical treatment but denies it; (2) delays necessary treatment for a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical

treatment. Rouse v. Plantier, 183 F.3d 192, 197 (3d Cir. 1999). A prison official who is not a physician is not deliberately indifferent "simply because [he or she] failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

Mere disagreement with the medical treatment provided is insufficient to establish deliberate indifference. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). On the other hand, the deliberate indifference standard is met "when a doctor is 'intentionally inflicting pain on [a] prisoner[].'" Id. (quoting White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990)).

Plaintiff does not allege what the following defendants personally did to violate his constitutional rights or when the violation occurred: Shirley Nati, Amira Hussien, Mrs. Scott, and Mrs. Smith. Therefore, the Court will dismiss claims against these defendants without prejudice.

Plaintiff's claim that Ibuprofen was not the proper treatment for his right foot pain does not rise to the level of an Eighth Amendment violation. In an abundance of caution, however, Plaintiff may state a claim against an individual medical provider, within the statute of limitations period, whom he told Ibuprofen was not

effective, but the person deliberately refused to try another treatment.  See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

The present Complaint fails to state a claim against any prison official who did not provide medical treatment to Plaintiff because there is no vicarious liability for a constitutional violation, and nonmedical prison personnel are entitled to rely on the professional judgment of the prison doctor who is treating the prisoner, unless they know or have reason to know medical providers are mistreating or not treating a prisoner. Therefore, Plaintiff's claim against the warden, J.T. Shartle, and Plaintiff's claim against "all FCI Fairton staff" shall be dismissed without prejudice. Unless Plaintiff can allege conduct by each individual defendant that violates his constitutional rights, and it is not enough that they knew he disagreed with the treatment provided for his foot, he may not bring these claims in an amended complaint.

Within the two-year statute of limitations period, Plaintiff alleged that he had a clinical encounter with Tonya McClellan, and he complained about severe pain in his right foot. He does not allege that McClellan refused to provide any treatment, only that he has not been scheduled to have the bullet removed. This is insufficient to state a claim against McClellan. A prisoner is not entitled to the medical treatment of his choice. See Reed v. Cameron, 380 F. App'x

160, 162 (3d Cir. 2010) (dissatisfaction with prison medical care is not sufficient to allege violation of Eighth Amendment.)

Plaintiff also alleged that he sent Marilyn Angud a request to see a foot specialist on June 5, 2015, and although the request was approved, he has not yet seen the specialist. Plaintiff does not allege that he asked Angud to treat his pain and she refused. He does not allege that the delay in scheduling the appointment with a specialist was done for a non-medical reason. Given that the bullet has been in his foot since 2007, years before he entered FCI Fairton, it does not appear that he was at risk of permanent injury by delay in seeing a specialist. Therefore, the Court will dismiss the claims against Marilyn Angud without prejudice.  Plaintiff may amend his claims against McClellan and Angud if he can allege additional facts showing that they were deliberately indifferent to his pain.

III. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will dismiss the Complaint without prejudice.

s/Renee Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**

Dated: March 22, 2016

11