<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

IBN ABDUL-HAKEEM,       :   CIV. ACTION NO. 16-548 (RMB)
                      :
        **Plaintiff,**    :
                      :
   **v.**                :        OPINION
                      :
                      :
M. ANGUD, *et al.*,       :
                      :
        **Defendants.**   :

**RENÉE MARIE BUMB**, U.S. District Judge

    Plaintiff is a prisoner confined in the Federal Correctional Institution in Fairton, New Jersey ("FCI-Fairton"). He initiated this action by filing a civil rights complaint on February 1, 2016, against medical staff and other employees at FCI-Fairton.  (ECF No. 1.)  The Court granted Plaintiff <u>in</u> <u>forma</u> <u>pauperis</u> status, but dismissed his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A.  (ECF Nos. 4, 5.)  Plaintiff filed a [First] Amended Complaint on April 25, 2016 (ECF No. 7), which this Court also dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A.  (ECF Nos. 10, 11.)

    This matter comes before the Court upon Plaintiff's filing of a Second Amended Complaint. (Second Am. Compl., ECF No. 12.) He brings

this Second Amended Complaint seeking monetary damages and injunctive relief for medical malpractice. (Id.)

The Court now reviews Plaintiff's Second Amended Complaint, as required by 28 U.S.C. § 1915(e)(2)(b) and § 1915A.  The Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

II.  DISCUSSION

    A.   The Second Amended Complaint

Plaintiff brings an FTCA claim for medical malpractice against Dr. Morales and unidentified "Fairton Medical Staff." (Second Am. Compl., ECF No. 12.)  Plaintiff asserts he exhausted his administrative claim on June 29, 2016, when his claim was denied. (Id., at 1.)  Plaintiff complained of right foot pain to Fairton Medical Staff in October 2011. (Id., ¶1.)  An x-ray showed bullet fragments in his foot.  (Id., ¶2.)  The "URC" approved a podiatry consultation for Plaintiff on August 16, 2012.  (Id., ¶3.) Approximately one year later, Dr. Morales denied Plaintiff his podiatry consultation for non-medical reasons, knowing Plaintiff had a bullet in his foot.  (Id., ¶4.)

2

On December 15, 2015, an orthopaedic specialist reviewed Plaintiff's x-ray and recommended immediate surgery to remove the bullet from his foot. (Id., ¶5.) Since 2013, Plaintiff advised Dr. Morales and Fairton Medical Staff that he was in extreme pain when he walked. (Id., ¶¶6, 7.) They refused to allow Plaintiff to see a podiatrist until October 2015, and insisted on continuing a course of treatment that was painful and ineffective. (Id., ¶7.) Plaintiff contends the delay in providing evaluation by a specialist and failure to remove the bullet from his foot constitute medical malpractice by Dr. Morales and Fairton Medical Staff. (Id., ¶¶8-9.)

B.   Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

3

"[A] court must accept as true all of the allegations contained in a complaint." Id.  A court need not accept legal conclusions as true. Id.  Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id.  If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

  C. FTCA Claims

  Plaintiff asserts jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq. Claims are cognizable under the FTCA if they are:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, . . . [4] caused by the negligent or wrongful act or omission of any employee of the [Federal] Government, [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

4

Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)).  Plaintiff has not named the United States as a defendant, and the United States is the only proper defendant to an FTCA claim.  CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008). Therefore, the Court will dismiss Plaintiff's FTCA claim without prejudice.

In any action seeking tort damages for personal injury against the United States, the plaintiff must first exhaust his administrative remedies. 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

This a jurisdictional requirement, and if the claim has not been properly exhausted, the court must dismiss it.  McNeil v. United States, 508 U.S. 106, 112 (1993)).

Plaintiff raised an FTCA claim in his original complaint. (ECF No. 3, at 2).  He did not name the United States as a defendant, and he did not allege that he exhausted his administrative remedies for

an FTCA claim.  This Court dismissed the claim without prejudice. (Opinion, ECF No. 4 at 6; Order, ECF No. 5.)

For jurisdictional purposes, an FTCA claim must be raised only after it is exhausted.  McNeil, 508 U.S. at 113.  Thus, a district court lacks jurisdiction over an FTCA claim where the court earlier dismissed the claim for lack of jurisdiction, and the plaintiff later amended the complaint after exhausting administrative remedies. See Malouf v. Turner, 814 F.Supp.2d 454, 460 (D.N.J. 2011) (citing Hoffenberg v. Provost, 154 F. App'x 307, 310 (3d Cir. 2005); Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999) ("as a general rule, a premature '[FTCA] complaint cannot be cured through amendment, but instead, plaintiff must file a new suit'" (quoting Sparrow v. USPS, 825 F. Supp. 252, 255 (E.D. Cal. 1993)).  The Court will dismiss the FTCA claim for lack of jurisdiction.  Plaintiff may bring his FTCA claim, against the United States as the sole defendant, in a new action, subject to the statute of limitations.

III. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will dismiss the Second Amended Complaint for lack of jurisdiction.

s/Renée Marie Bumb_____
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**

DATED: March 22, 2017

6